**+Corrected July 15, 2014**
**NOT FOR PUBLICATION**

FILED

MAY 30 2014



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SCRIPPS HEALTH, A California corporation; SOUTH BAY SURGICAL ASSOCIATES MEDICAL GROUP, INC., A California corporation,<br><br>        Plaintiffs - Appellees,<br><br>    v.<br><br>BLUE CROSS AND BLUE SHIELD OF KANSAS, INC., a Kansas Corporation,<br><br>        Defendant - Appellant. | No. 12-56493<br><br>D.C. No. 3:10-cv-02028-DMS-RBB<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted May 12, 2014
Pasadena, California

Before: PREGERSON, REINHARDT, and NGUYEN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Blue Cross and Blue Shield of Kansas ("BCBS Kansas") appeals the district court's final judgment in favor of Scripps Health ("Scripps"), confirming the arbitration award at issue. BCBS Kansas also appeals an interlocutory order relating to that judgment—the denial of its motion to dismiss. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

This case arises out of a dispute over payment for hospital services provided to a BCBS Kansas member at a Scripps hospital in California. In its complaint, Scripps set forth two claims against BCBS Kansas: one for breach of contract and the other for breach of implied contract. In the district court, BCBS Kansas moved to dismiss both claims. In the event the motion to dismiss was denied as to the breach of contract claim, BCBS Kansas moved to compel arbitration of that claim and to stay the remaining claims. The district court denied BCBS Kansas's motion to dismiss, holding that Scripps stated a valid breach of contract claim against BCBS Kansas where Scripps alleged that BCBS Kansas accepted the benefits of a contract between Scripps and Blue Cross of California in the form of a discounted rate for services. The district court granted BCBS Kansas's motion to compel arbitration of the breach of contract claim and stayed the remaining claims.

2

We review de novo the district court's ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *AE ex.rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). Factual allegations of the complaint are accepted as true and construed in the light most favorable to the plaintiff. *Id.* "[T]he factual allegations that are taken as true must plausibly suggest an entitlement to relief." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Here, if we accept the factual allegations of the complaint as true and construe them in the light most favorable to Scripps, the complaint articulates sufficient facts to support Scripps's breach of contract claim against BCBS Kansas. +Thus, we affirm the district court's denial of BCBS Kansas's motion to dismiss.

The arbitrator's final award stated that BCBS Kansas breached an express or implied contract between BCBS Kansas and Scripps, BCBS Kansas owes Scripps damages based on that breach, and that BCBS Kansas owes Scripps interest on those damages. In the district court, BCBS Kansas moved to vacate the arbitration award. The district court confirmed the arbitration award, entering final judgment in favor of Scripps.

We review de novo a district court's "decision to vacate or confirm an arbitration award." *New Regency Prods., Inc. v. Nippon Herald Films, Inc.*, 501

3

F.3d 1101, 1105 (9th Cir. 2007). Under the Federal Arbitration Act, the district court may vacate an arbitration award if "arbitrators exceed their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).

"A party seeking relief under [§ 10(a)(4)] bears a heavy burden." *Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2068 (2013). BCBS Kansas argues that the district court should have vacated the arbitration award because the arbitrator decided a claim other than the claim submitted to arbitration. BCBS Kansas fails to carry its burden, however, because "[t]he arbitrator's interpretation of the scope of his powers is entitled to the same level of deference as his determination of the merits." *Schoenduve Corp. v. Lucent Techs.*, Inc., 442 F.3d 727, 733 (9th Cir. 2006) (internal citation omitted).

BCBS Kansas also fails to carry its burden as to its claim that the arbitrator manifestly disregarded the law. "[A]rbitrators exceed their powers . . . not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational, or exhibits a manifest disregard of the law." *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 665 (9th Cir. 2012) (internal citation omitted). "To vacate an arbitration award [based on manifest disregard for the law], it must be clear from the record that the arbitrator recognized the applicable law and then

4

ignored it." *Id.* at 665 (internal citation and quotation marks omitted). Because the record in this case demonstrates neither that the arbitrator "recognized the applicable law and then ignored it," *Biller*, 668 F.3d at 665, nor that the arbitrator did more than "merely interpret or apply the governing law incorrectly," *Id.* at 655, we affirm the district court's final judgment and confirmation of the arbitration award.

**AFFIRMED**.